# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT PRIESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV810 RWS |
| | ) |
| GERARD NESTER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a

claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, who is civilly committed in the St. Louis Psychiatric Rehabilitation Center, brings this action under 42 U.S.C. § 1983 against his state-appointed guardian. According to the complaint and the exhibits, plaintiff has been asking his guarding to agree to expungement of his arrest records. His guardian objected to expungement in court. Plaintiff asserts a constitutional right to expungement of his arrest records.

Plaintiff requests that this court order his immediate release from confinement and award him unspecified money damages.

## Discussion

The complaint fails to state a claim under § 1983 because plaintiff has failed to demonstrate a constitutional violation. Plaintiff does not have a constitutional right to expungement of his arrest records. E.g., Duke v. White, 616 F.2d 955, 956 (6th Cir. 1980) ("The right to expungement of state records is not a federal constitutional right."). As a result, the Court will dismiss this action under 28 U.S.C. § 1915(e).

To the extent that plaintiff seeks release from confinement, he must seek relief by filing a petition for writ of habeas corpus. Such relief is not available in a § 1983 suit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal will be filed forthwith.

Dated this 2nd day of May, 2014.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE